1  JAE K. PARK (SBN 234474)
   jae.park@dentons.com
2  Dentons US LLP
   601 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017
   Telephone:  (213) 623-9300
4  Facsimile:   (213) 623-9924

5  Attorneys for Petitioner
   HANON SYSTEMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| In re | **Case No.** |
|---|---|
| Application of HANON SYSTEMS for an Order Pursuant to 28 U.S.C. § 1782 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

## **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ............................................................... 1
II. STATEMENT OF FACTS .......................................................................... 1
    A. Factual Background ......................................................................... 1
    B. Foreign Judicial Proceedings .......................................................... 3
    C. Description of Discovery Sought .................................................... 3
III. LEGAL ARGUMENT ................................................................................ 3
    A. This Petition Satisfies the Requirements of 28 U.S.C. § 1782 .... 3
        1. JA Bae Is Found in This District ......................................... 4
        2. Petitioner Seeks Discovery For Use In Foreign Judicial Proceedings .......................................................................... 4
        3. Petitioner Is An Interested Person ...................................... 5
    B. The Discretionary Factors Weigh in Hanon Systems's Favor ..... 5
        1. The Korean Court May Not Compel Discovery of Evidence in the United States .............................................. 6
        2. The Korean Courts Would Be Receptive To The Discovery Sought ................................................................. 8
        3. The Application Does Not Circumvent Korean Discovery Restrictions ........................................................ 9
        4. The Discovery Sought Is Narrowly Tailored ..................... 9
    C. The Court May Grant Hanon Systems's Petition On An *Ex Parte* Basis ..................................................................................... 10
IV. CONCLUSION .......................................................................................... 11

DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

-i-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen, Inc. v. Celltrion USA, Inc.*,
  No. CV 24-9052, 2024 WL 5182022 (D.N.J. Dec. 20, 2024) .............................. 8

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
  747 F.3d 1271 (11th Cir. 2014) ........................................................................... 5

*Matter of Application of O2CNI Co., Ltd.*,
  No. C 13-80125 (CRB) (LB), 2014 WL 689082 (N.D. Cal. Feb. 21, 2014) ............................................................................................................. 8

*In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. for an Ord. to Conduct Discovery for Use in a Foreign Proc.*,
  No. 14 MISC. 82 PGG, 2015 WL 82007 (S.D.N.Y. Jan. 6, 2015) ...................... 9

*In re Application of Proctor & Gamble Co.*,
  334 F. Supp. 2d 1112 (E.D. Wis. 2004) .............................................................. 7

*In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*,
  No. 2:21-mc-00374-CAS-MAAx, 2021 WL 4391882 (C.D. Cal. Apr. 5, 2021) ...................................................................................................... 10

*In re Edelman*,
  295 F.3d 171 (2d Cir. 2002) ................................................................................ 4

*In re Hansainvest Hanseatische Inv.-GmbH*,
  364 F. Supp. 3d 243 (S.D.N.Y. 2018) ................................................................. 9

*In re Judicial Assistance Pursuant to U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.*, No. 2:14-CV-0797-GMN-NJK, 2014 WL 7706908, (D. Nev. June 4, 2014) ........................................................................ 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................ 5, 6

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (9th Cir. 2019) ............................................................................... 4

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
(213) 623-9300

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*,
   895 F.3d 238 (2d Cir. 2018) ............................................................................... 5

*In re Letters Rogatory from Tokyo Dist.*,
   539 F.2d 1216 (9th Cir. 1976) ......................................................................... 10

*In re McKillen*,
   No. 2:24-mc-00062-JFW-PD, 2024 WL 3679548 (C.D. Cal. July
   30, 2024, *report and recommendation adopted*, No. 2:24-MC-
   00062-JFW-PD, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024) .......................... 10

*Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898 (N.D. Cal.
   2021) ............................................................................................................ 6, 8

*In re Medytox, Inc.*
   No. 118MC00046TWPDLP, 2019 WL 3162174 (S.D. Ind. July 16,
   2019), *report and recommendation adopted*, No.
   118MC00046TWPDLP, 2019 WL 3556930 (S.D. Ind. Aug. 5,
   2019) .................................................................................................... 7, 9, 10

*Mees v. Buiter*,
   793 F.3d 291,303 (2d Cir. 2015) ........................................................................ 9

*In re NanoPyxis Co., Ltd.*,
   No. 4:17-MC-80151-KAW, 2018 WL 1156838 (N.D. Cal. Mar. 5,
   2018) ................................................................................................................ 8

*Palantir Techs., Inc. v. Abramowitz*,
   415 F. Supp. 3d 907 (N.D. Cal. 2019) ............................................................ 6, 7

*In re Regeneron Pharm., Inc.*,
   No. MC 24-49-KSM, 2024 WL 4112310 (E.D. Pa. Sept. 6, 2024) ..................... 8

*In re Request for Int'l Judicial Assistance From the Nat'l Court
   Admin. of the Republic of Korea*,
   No. C15-80069 MISC LB, 2015 WL 1064790, at *1 (N.D. Cal.
   Mar. 11, 2015) .................................................................................................. 8

*In re Request for Judicial Assistance from Seoul Cent. Dist. Court in
   Seoul, Republic of S. Korea*,
   No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7,
   2023) ................................................................................................................ 8

-iii-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

*In re Request For Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*,
  555 F.2d 720 (9th Cir. 1977) ............................................................................... 8

*In re Servicio Pan Americano de Proteccion, C.A.*,
  354 F. Supp. 2d 269 (S.D.N.Y. 2004) ................................................................ 7

*In re Sociedad Militar Seguro de Vida*,
  985 F. Supp. 2d 1375 (N.D. Ga. 2013) ............................................................... 7

*In re Woori Bank*,
  No. 21-mc-80084-DMR, 2021 WL 2645812 (N.D. Cal. June 28, 2021) ............................................................................................................. 9

**Statutes**

28 United States Code
  § 1782 ........................................................................................................*passim*
  § 1782(a) ............................................................................................................. 4

**Rules and Regulations**

Federal Rules of Civil Procedure
  Rule 26 ............................................................................................................. 10
  Rule 45 ............................................................................................................. 10

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

## I.     PRELIMINARY STATEMENT

Petitioner Hanon Systems ("Hanon Systems" or "Petitioner"), a Korean corporation located at 95, Shinilseo-ro, Daedeok-si, Daejeon, Republic of Korea, requests permission to serve a discovery subpoena on Jung Anna Bae ("JA Bae") under 28 U.S.C. § 1782 ("Section 1782"), to obtain evidence to use in legal proceedings in the Republic of Korea ("Korea"). Hanon Systems is a victim of a fraudulent scheme orchestrated by one of Hanon Systems' former executives. JA Bae participated in that scheme. Hanon Systems has suffered over US$5,000,000 in damages as a result of this scheme, and has initiated proceedings in Korea to recover those damages. As a participant in that scheme, JA Bae surely has in her possession critical evidence related to the planning and execution of, and the ill-gotten gains from, the scheme.

Hanon Systems's application should be granted because all of the statutory requirements are met: (1) the respondent JA Bae resides in this judicial district; (2) the discovery sought will be used in a judicial proceeding in Korea, and (3) Petitioner is an interested person. Also, the discretionary factors weigh in favor of granting the Petition, because: (1) the evidence sought is located in the United States and beyond the reach of a Korean court's jurisdiction, (2) the Korean courts will be receptive to the evidence procured in this district, (3) Hanon Systems is not attempting to circumvent Korean discovery restrictions, and (4) the discovery sought is not unduly burdensome. Lastly, Section 1782 applications may be granted on an *ex parte* basis.

## II.     STATEMENT OF FACTS

### A.     Factual Background

Hanon Systems is a global supplier of automotive HVAC equipment. (Portions of Criminal Complaint Filed with Seoul Western District Prosecutor's Office ("Complaint") at 3, Ex. 1 to Declaration of Jae K. Park ("Park Dec.").) In 2023, Hanon Systems sought to generate cash flow by selling and then leasing back

certain real estate—buildings, dormitory, and ancillary facilities at a training center ("Hanon Property")—it owned. (Complaint at 3, Ex. 1 to Park Dec.) Hyun-Soo Kim ("HS Kim"), Hanon Systems's then Executive Director and Chief Human Resource Officer, volunteered to lead the effort to market the Hanon Property, select the buyer, and negotiate the terms of the sale-and-lease-back transaction (the "Transaction"). (Complaint at 4, Ex. 1 to Park Dec.)

Unbeknownst to Hanon Systems, HS Kim sought to use the Transaction to enter into a self-interested deal with the help of her husband, Chul Soo Bae ("CS Bae"), a known real estate developer, and his sister-in-law, JA Bae,[1] among others, to defraud Hanon Systems in the deal. (Complaint at 4, Ex. 1 to Park Dec.) HS Kim and her co-conspirators created a shell company called Residence Co-Living Co., Ltd. ("Residence Co-Living") to be the purchaser and landlord under the Transaction. (Complaint at 3-5, Ex. 1 to Park Dec.) The conspirators incorporated Residence Co-Living in Korea and identified JA Bae as the sole Representative Director of the company. (Complaint at 3-5, Ex. 1 to Park Dec.; Certificate of Registration for Residence Co-Living Co., Ltd. (6/5/23), Ex. 2 to Park Dec.; Certificate of Registration for Residence Co-Living Co., Ltd. (7/5/23), Ex. 3 to Park Dec.) JA Bae served as Residence Co-Living's Representative Director (*i.e.*, CEO) from its incorporation on about April 17, 2023 to about April 29, 2024. (Certificate of Registration for Residence Co-Living Co., Ltd. (7/5/23), Ex. 3 to Park Dec.)

The scheme was as follows: HS Kim would intentionally depress the sale price of the Hanon Property, sell the property to her husband at that depressed price, create the false impression that the sale was an arms-length transaction not involving her husband by creating a shell company with JA Bae listed as the purported Representative Director/CEO, lease the property back to Hanon Systems at an inflated price, and share the ill-gotten gains with her co-conspirators.

---

[1] Hanon Systems currently does not know the full nature of JA Bae's relationship to CS Bae but has reason to believe she is either the sister of CS Bae or the wife of CS Bae's brother.

(Complaint at 5-6, Ex. 1 to Park Dec.) JA Bae, as a representative of Residence Co-Living, signed the Real Estate Purchase and Sale Agreement ("PSA"), an amendment to the PSA, and the Lease Agreement. (Relevant Portions of PSA, Ex. 4 to Park Dec.; Relevant Portions of Lease Agreement, Ex. 5 to Park Dec.) The total loss to Hanon Systems and illicit gain to the coconspirators is approximately KRW 8.3266 billion (approximately US$5.8 million). (Complaint at 7, Ex. 1 to Park Dec.)

### B. Foreign Judicial Proceedings

On January 24, 2025, Hanon Systems's Korean legal counsel at Kim & Chang filed a criminal complaint with the Seoul Western District Prosecutor's Office requesting that the facts be investigated and criminal charges be made against HS Kim and her co-conspirators. (Complaint, Ex. 1 to Park Dec.) The complaint consists of factual allegations supporting the crimes committed by HS Kim, and noted that additional evidence will be submitted in a forthcoming supplement. (Complaint at 2-7, 9, Ex. 1 to Park Dec.) In addition, Hanon Systems anticipates filing a civil suit against HS Kim and others in Korea. (Park Dec. at 2.)

### C. Description of Discovery Sought

As an executive of the vehicle that enabled this wrongdoing, JA Bae undoubtedly holds critical knowledge and information regarding the Transaction, including but not limited to the formation of Residence Co-Living, the details of the Transaction, communications she had with the other co-conspirators, Residence Co-Living's accounting and finances, the decision to list her as the Representative Director, bank accounts opened to receive and transfer money related to the Transaction, and whether any funds (i.e., ill-gotten gains by the co-conspirators) were transferred to U.S. banks.

### III. LEGAL ARGUMENT

#### A. This Petition Satisfies the Requirements of 28 U.S.C. § 1782

Discovery for the purpose of seeking evidence to be used in a foreign

-3-

proceeding is available through Section 1782(a), which specifically states that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."

To meet the requirements of the statute, Petitioner must establish the following elements: (1) the person or entity from whom discovery is sought "resides or is found" in this district; (2) the discovery must be for the purpose of "use in a proceeding" before a "foreign tribunal"; and (3) this Application must be made by an "interested person" in the foreign judicial proceeding. *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Hanon Systems can establish all three elements.

### 1. JA Bae Is Found in This District

The court is authorized to order any "person" who "resides or is found" within the district to give testimony or produce documents or other evidence. 28 U.S.C. § 1782(a); *see In re Edelman*, 295 F.3d 171, 173 (2d Cir. 2002) (ruling that physical presence in the district, even if temporary, is sufficient). Here, JA Bae resides in Corona, California, which is in the Central District of California. (Relevant Portions of LexisNexis SmartLinx Person Report, Ex. 6 to Park Dec.)

### 2. Petitioner Seeks Discovery For Use In Foreign Judicial Proceedings

In addition, Hanon Systems seeks to use the evidence gathered from JA Bae in the judicial proceedings in Korea—to supplement the already-filed criminal complaint with the Seoul Western District Prosecutor's Office, to present the evidence to HS Kim and others in further settlement negotiations, and if those settlement negotiations are unsuccessful, to use the evidence in a civil suit. Each of these judicial proceedings in Korea qualify as a "proceeding in a foreign or international tribunal" within the meaning of Section 1782, which "is not confined

-4-

to proceedings before conventional courts, but extends also to administrative and quasi-judicial proceedings." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249, 258-59 (2004) ("[T]he term 'tribunal' . . . includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts" and noting that the foreign proceedings need not actually be pending or even imminent before Section 1782 may be invoked if such proceedings are "within reasonable contemplation"). Discovery will be granted if a party was conducting its own investigation in advance of filing lawsuit in a foreign country. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1271 (11th Cir. 2014).

### 3. Petitioner Is An Interested Person

Petitioner, as a complainant in a Korean criminal proceeding and a soon-to-be litigant in the Korean civil judicial proceeding, qualifies as an "interested person" in the foreign proceeding who may seek discovery under Section 1782. *See Intel*, 542 U.S. at 256-57 (noting that litigants and complainants who trigger investigations "are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."); *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269 ("As a party to the dispute, [the applicant] plainly is an 'interested person.'").

### B. The Discretionary Factors Weigh in Hanon Systems's Favor

Where a petitioning party meets the above statutory requirements, it is in the court's discretion whether to grant the petition. *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 242 (2d Cir. 2018). The Supreme Court has enumerated four factors a court may consider when making its determination. Among the factors to be considered are:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

> Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Intel*, 542 U.S. at 264-65.

The above factors must be considered in the context of the statute's twin aims, as recognized in this Circuit: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019). "The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that [a] U.S. [court] would permit the discovery in an analogous domestic proceeding." *Id.*

As explained below, each of the factors weigh in favor of Hanon Systems.

### 1. The Korean Court May Not Compel Discovery of Evidence in the United States

With respect to the first factor, "the key issue is whether the material is obtainable through the foreign proceeding." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898 (N.D. Cal. 2021). In other words, the question is whether the foreign tribunal can itself order disclosure of the information sought. *Intel*, 542 U.S. at 264. To that end, whether the respondent is a party to the foreign proceeding is not determinative; a Section 1782 application may be granted as long as the information sought cannot be obtained through the foreign proceeding's regular

-6-

procedures: "There is [] no rule that 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *Palantir Techs., Inc.*, 415 F. Supp. 3d at 912.

Although JA Bae is a party to the foreign dispute, the Korean courts do not have extra-territorial jurisdiction over persons entirely outside the country's borders, and thus cannot directly order her, a US resident, to testify or produce any discovery. (Declaration of Peter Seung-Hun Lee at ¶¶ 8-14.) Even if she could testify at trial in Korea, the Korean discovery rules do not contemplate pre-trial depositions. *In re Medytox, Inc.*, No. 118MC00046TWPDLP, 2019 WL 3162174, at *5 (S.D. Ind. July 16, 2019), *report and recommendation adopted*, No. 118MC00046TWPDLP, 2019 WL 3556930 (S.D. Ind. Aug. 5, 2019).

Further, JA Bae and the documents targeted by this Application are located in the United States, making it more efficient to obtain that evidence through the compulsion power of a U.S. court. *See In re Sociedad Militar Seguro de Vida*, 985 F. Supp. 2d 1375, 1380 (N.D. Ga. 2013) (granting a 1782 application against both parties and non-parties to a foreign proceeding to promote efficiency); *In re Application of Proctor & Gamble Co.*, 334 F. Supp. 2d 1112, 1114 (E.D. Wis. 2004) (granting a 1782 application for evidence located in the United States because "considerations of efficiency, cost and convenience strongly supported [the] request").

This factor therefore weighs in favor of granting the Petition. *See In re Judicial Assistance Pursuant to U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.*, No. 2:14-CV-0797-GMN-NJK, 2014 WL 7706908, at *3 (D. Nev. June 4, 2014) ("Where the foreign tribunal's procedural rules may not allow for the discovery sought, this factor militates in favor of granting § 1782 relief."); *In re Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004).

### 2. The Korean Courts Would Be Receptive To The Discovery Sought

The second factor considers whether the foreign tribunal would be receptive to the discovery sought if it was actually produced. *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d at 898. Here, the evidence sought will be used in judicial proceedings in Korea, and it is well established that Korean courts will be receptive to evidence obtained through this Application: "Article 202 of the South Korean Civil Procedure Act gives South Korean courts substantial discretion to consider any probative evidence that may be presented, including evidence obtained through foreign proceedings such as a Section 1782 application." *Amgen, Inc. v. Celltrion USA, Inc.*, No. CV 24-9052 (CPO/EAP), 2024 WL 5182022, at *8 (D.N.J. Dec. 20, 2024).

Regardless, the court "need only consider whether South Korean courts are *generally* receptive to evidence obtained from foreign courts." *In re Regeneron Pharm., Inc.*, No. MC 24-49-KSM, 2024 WL 4112310, at *4 (E.D. Pa. Sept. 6, 2024). Indeed, Korean courts have themselves requested Section 1782 assistance. *See In re Request For Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 555 F.2d 720, 722 (9th Cir. 1977). And, in practice, they routinely use evidence obtained through Section 1782 applications granted by courts in this Circuit. *See, e.g.*, *id.*; *In re Request for Judicial Assistance from Seoul Cent. Dist. Court in Seoul, Republic of S. Korea*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *4 (N.D. Cal. Mar. 7, 2023); *In re Request for Int'l Judicial Assistance From the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1 (N.D. Cal. Mar. 11, 2015); *Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 (CRB) (LB), 2014 WL 689082, at *2 (N.D. Cal. Feb. 21, 2014). "Unsurprisingly then, numerous other courts have found that South Korean courts are receptive to discovery obtained through the aid of United States federal courts." *In re Regeneron Pharm., Inc.*, 2024 WL 4112310, at *4; *see, e.g., In re*

-8-

*NanoPyxis Co., Ltd.*, No. 4:17-MC-80151-KAW, 2018 WL 1156838, at *3 (N.D. Cal. Mar. 5, 2018) ("Korean tribunals have a long history of requesting and receiving U.S. judicial assistance.").

### 3. The Application Does Not Circumvent Korean Discovery Restrictions

The primary focus of the third factor is to ensure that the requesting party is not engaging in "blatant end-run[s] around 'foreign proof-gathering restrictions or other policies of a foreign country.'" *In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. for an Ord. to Conduct Discovery for Use in a Foreign Proc.*, No. 14 MISC. 82 PGG, 2015 WL 82007, at *7 (S.D.N.Y. Jan. 6, 2015). Such restrictions must be more than a technical impediment—that is, they must be substantive prohibitions on the type of discovery sought, *Mees v. Buiter*, 793 F.3d 291, 303 n. 20 (2d Cir. 2015), or evidence that the petitioner is engaged in a bad faith effort to evade foreign evidentiary procedures, *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018).

This Application seeks precisely the type of assistance that the statute was designed to afford. As stated above, Korean courts routinely accept evidence obtained through a Section 1782 application. And even though the Korean court system contemplates limited discovery procedures, Korean law does not prohibit or restrict requests for information and documents. *See In re Woori Bank*, No. 21-mc-80084-DMR, 2021 WL 2645812, at *3 (N.D. Cal. June 28, 2021); *In re Medytox, Inc.,* No. 118MC00046TWPDLP, 2019 WL 3162174, at *7 (recommending that the application seeking deposition testimony be granted in part because "*Korean law does not extend so far as to contemplate depositions.* A deposition – a pre-trial discovery tool that allows an interrogator to inquire into matters that it may not be able to at trial – is not the equivalent of trial testimony.") (emphasis added).

### 4. The Discovery Sought Is Narrowly Tailored

The overarching test is whether permitting the discovery requests would

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

result in abuses of the discovery process: Are the requests intrusive and burdensome? *In re Medytox, Inc*., 2019 WL 3162174, at *8. In determining whether a petition is reasonable, courts have held that the reviewing court is to apply the standards of Federal Rules of Civil Procedure 26 and 45.

Here, the discovery sought is neither unduly intrusive nor burdensome. The Application is narrowly tailored to the subject matter of the current criminal proceeding and the anticipated civil proceeding in Korea, seeking only information that is highly relevant and necessary to that action: (1) communications with HS Kim, CS Bae, and others about the Transaction and the formation of Residence Co-Living; (2) corporate, financial, banking, and accounting documents related to the Transaction and Residence Co-Living; and (3) the formation of Residence Co-Living. (Park Dec. at 9.)

### C. The Court May Grant Hanon Systems's Petition On An *Ex Parte* Basis

"An *ex parte* application is an acceptable method for seeking Section 1782 discovery" because the subpoenaed parties may raise objections and exercise due process rights after the subpoena has been served. *In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc*., No. 2:21-mc-00374-CAS-MAAx, 2021 WL 4391882 at *2 (C.D. Cal. Apr. 5, 2021) (citing *In re Letters Rogatory from Tokyo Dist*., 539 F.2d 1216, 1219 (9th Cir. 1976)). Indeed, a court may even waive the normal *ex parte* notice requirement, since granting a Section 1782 application without notice does not constitute a violation of the subpoena target's due process rights. *In re McKillen*, No. 2:24-mc-00062-JFW-PD, 2024 WL 3679548, at *7 (C.D. Cal. July 30, 2024, *report and recommendation adopted*, No. 2:24-MC-00062-JFW-PD, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024).

## IV. CONCLUSION

For the reasons stated above, Petitioner respectfully requests that this Court grant its petition for discovery in aid of a foreign proceedings under 28 U.S.C. § 1782 and issue an order granting Petitioner leave to serve the subpoena upon JA Bae in the form of Exhibit 7 to the Declaration of Jae K. Park.

Dated:  February 28, 2025

Respectfully submitted,

DENTONS US LLP

By: /s/Jae K. Park
Jae K. Park

Attorneys for Petitioner
HANON SYSTEMS

-11-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HANON SYSTEMS'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782
US_ACTIVE\129372156\V-6