JAE K. PARK (SBN 234474)
jae.park@dentons.com
Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Petitioner
HANON SYSTEMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re | **Case No.** |
|---|---|
| Application of HANON SYSTEMS for an Order Pursuant to 28 U.S.C. § 1782 | **DECLARATION OF PETER SEUNG-HUN LEE IN SUPPORT OF HANON SYSTEMS'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

# DECLARATION OF PETER SEUNG-HUN LEE

I, Peter Seung-Hun Lee, declare as follows:

1. I am a licensed attorney at law, admitted to the bar in the Republic of Korea ("Korea") since 2004, and Senior Attorney at the law firm of Dentons Lee, where I specialize in public law litigation, international transaction litigation and arbitration and general civil, criminal, and family law litigation matters. I make this Declaration in support of Hanon Systems's *ex parte* application for leave to serve a subpoena pursuant to 28 U.S.C. § 1782 granting Hanon Systems leave to conduct discovery on Jung Anna Bae ("JA Bae"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, could and would competently testify to such facts.

2. Dentons Lee is a Korean law firm and part of the Dentons global law practice. My office is located at 14F Poongsan Building, 23 Chungjeong-ro, Seodaemun-gu, Seoul, Korea.

3. I hold three legal degrees from Korea University: a *Legum Baccalaureus* degree, a *Magister Legum* degree in administrative law, and a Ph.D., also in administrative law. I also hold a *Magister Legum* degree from Melbourne Law School in Commercial Law, and attended courses at the Hague Academy of International Law.

4. Prior to joining Dentons Lee, I served as a judge for 14 years in several courts of Korea, including the Cheongju District Court, the Hongseong Branch of the Daejeon District Court, the Suwon District Court, the Busan District Court, the Busan High Court, and the Seoul Administrative Court. I was also Rapporteur Judge for the Constitutional Court of Korea.

5. Due to my experience, I have great familiarity with the Korean Civil Procedure Act ("KCPA") but also expertise to address issues of Korean law and practice addressed herein.

6. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of the KCPA, translated into English by the Korea Legislation Research Institute. Established in 1989 through the Korea Legislation Research Institute Act, the Korea Legislation Research Institute is a government agency that operates for the purpose of supporting the national legislative policies and promoting timely and accurate dissemination of legislative information as well as assisting general legislative activities by systematically collecting and managing legislative information and surveying or researching juristic and legislative issues with extensive expertise.

7. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts of the Korean Criminal Procedure Act ("KCRPA"), translated into English by the Korea Legislation Research Institute, and attached hereto as **Exhibit 10** is a true and correct copy of an English version of a judgment of the Supreme Court of Korea for Case 97 Do 1351, issued on July 25, 1997 ("Judgment").

8. Korean law does not contemplate broad pretrial discovery such as the system in the United States. Rather, discovery is very limited. For instance, there is effectively no mechanism under Korean law for obtaining pretrial deposition testimony. I understand that pretrial discovery in the United States includes depositions, and a court is empowered with authority to compel a witness to appear for deposition and give oral testimony under oath and penalty of perjury. In Korea, by contrast, discovery orders may order the production only of "documents" or "materials," and thus the scope of information that can be obtained is limited.

9. Also, the Korean courts do not have jurisdiction over a US resident and therefore lack authority to compel her to produce the requested discovery. According to KCPA Article 311, Korean courts can impose an administrative fine or punish by detention people who refuse to testify. Here, it would be impossible for a Korean court to enforce such penalties on JA Bae since she is not in Korea.

DECLARATION OF PETER SEUNG-HUN LEE IN SUPPORT OF HANON SYSTEMS'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

10. Because JA Bae resides in California, a Korean court cannot force her to participate in any proceedings in Korea. Instead, parties in Korean litigation that wish to obtain discovery from an individual located in the United States must do so by following the procedures under Section 1782, as Hanon Systems has done here.

11. There is no Korean law or rule of procedure that would prohibit Hanon Systems from submitting the information sought through this Section 1782 petition to the Korean courts. Korean law does not prohibit or restrict the type of discovery sought by this petition.

12. The KCPA contains a "Principle of Free Evaluation of Evidence" (Article 202), under which any determination regarding the admissibility or probative value of evidence is subject to the free evaluation of the judge. As such, Korean courts often consider evidence obtained through foreign proceedings, including, but not limited to, discovery obtained through Section 1782 applications. In my experience, Korean courts do not discriminate against evidence obtained from foreign legal proceedings. Such discrimination would be contrary to Article 202 of the KCPA.

13. This is also true under the KCRPA. In the attached judgment, the Court held that a deposition of the victim and a co-conspirator, recorded by a commissioner (a United States prosecutor) designated by a court of the United States, is admissible as evidence pursuant to Article 314 of the KCRPA. Article 314 of the KCRPA provides that when a person required to make a statement at a preparatory hearing or a trial is unable to make such statement because he or she resides abroad, the relevant protocol and other documents (including words or other data containing the statement of the said person) shall be admissible as evidence.

14. Based on my experience, KCPA Article 202, the Judgment and KCRPA Article 314, it is my opinion that discovery (whether documents or testimony) obtained in official proceedings before foreign courts, such as

proceedings under Section 1782, will be evaluated and considered the same as other evidence submitted in legal proceedings in Korea.

15. Moreover, Korean courts themselves have sought and received assistance obtaining evidence from U.S. district courts for decades. *See, e.g., In re Request for Judicial. Assistance from Seoul Cent. Dist. Court in Seoul, Republic of S. Korea*, No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Request for Int'l Judicial. Assistance From the Nat'l Court. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015); *In re Request For Judicial Assistance from Seoul Dist. Criminal. Court, Seoul, Korea*, 555 F.2d 720 (9th Cir. 1977).

16. Because Korean courts are generally receptive to Section 1782 discovery and liberally admit evidence obtained by parties, it is my opinion that authorizing Section 1782 discovery here would not offend the Korean courts. To the contrary, I believe that the Korean courts will likely consider any evidence obtained in connection with Hanon Systems's Section 1782 application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of February, 2025, at Seoul, Republic of Korea.

_____
Peter Seung-Hun Lee

DECLARATION OF PETER SEUNG-HUN LEE IN SUPPORT OF HANON SYSTEMS'S *EX PARTE* PETITION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782
US_ACTIVE\129421924\V-2